UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SARA JAKOBOVITZ,                        :
                                        :   Case No.:
                      Plaintiff,        :
                                        :   COMPLAINT
      -  against  -                     :
                                        :
RADIUS GLOBAL SOLUTIONS LLC,            :
                                        :
                      Defendant.        :
-------------------------------------------------------------- X

SARA JAKOBOVITZ (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against RADIUS GLOBAL SOLUTIONS LLC (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a(3).

6. On information and belief, Defendant is a foreign entity headquartered in Minnesota, but with a designated agent for service of process at c/o CT Corporation System, 28 Liberty St, New York, NY 10005.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in that they regularly engaged in debt collection practices and is a debt collector subject to the FDCPA.

## ALLEGATIONS

8. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

9. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

10. The debt was assigned to Defendant after the account was already in default.

11. Plaintiff is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a of the FDCPA.

12. As a background to this debt, in January of 2018 American Express sued Plaintiff for the collection of a debt. See state court Complaint attached hereto as Exhibit 1.

13. The lawsuit was based on an account ending in 2008 in the amount of $14,524.27. See Exhibit 1.

14. Thereafter, on September 4, 2018 Plaintiff entered into an confession of judgment in that case wherein Plaintiff agreed that she owed the original creditor a total of $7,265.00 which was entered as a judgment. See confession of Judgement attached hereto as Exhibit 2.

15. The Plaintiff never agreed that she owed more than $7,265.00. See Exhibit 2.

16. The Court never entered a judgment that the Plaintiff owed more than $7,265.00. See Exhibit 2.

17. American Express, by signing the Confession of Judgment, agreed that it was only entitled to a judgment in the amount of $7,265.00. See Exhibit 2.

18. However, despite the Confession of Judgment, which was 'so ordered' by the state court, the Defendant sent Plaintiff a collection letter on February 23, 2021 seeking to collect the full balance of $14,524.27. See February 23, 2021 Letter attached hereto as Exhibit 3.

19. Furthermore, it appears that the Defendant was fully aware of the judgment, as in the first paragraph of its letter Defendant warns Plaintiff that this is an opportunity to pay the balance before it forwards the judgment to a local attorney for judgment execution. See Exhibit 3.

20. If Defendant was aware of the judgment, it should have done its due diligence to actually look at the judgment and determine what amount was actually owed.

21. Instead, in its haste to collect money, Defendant relied on whatever digits were electronically transferred to its collection software without verifying any of the information transmitted, even though the Confession of Judgment should have been freely available to Defendant.

22. Alternatively, Defendant intentionally stated the higher balance to enrage Plaintiff and use it as a higher settlement starting point with the threat that they will try to seek the higher balance if Plaintiff would not pay the debt.

23. Additionally, on May 18, 2021 Defendant sent another letter again stating that it has a judgment against Plaintiff, and again falsely stating that the account is $14,524.27'. See May 18, 2021 Letter attached hereto as Exhibit 4.

24. However, the balance is factually false, as the parties had previously agreed to lower the amount to $7,265.00. See Exhibit 2.

25. Accordingly, it appears as though the Defendant has not recognized the balance stated in the Confessed Judgment and is now seeking a higher balance, which is factually false, and not an amount owed by Plaintiff.

26. Upon receipt of the letters, Plaintiff was and still is uncertain of the amount owed, as well as uncertainty as to how much Plaintiff will be required to pay to settle this matter in full.

27. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

28. Defendant's inflated balance which is in fact not the balance on the account is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

29. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

30. Defendants' false representation of the amount in its collection of the debt is in violation of 15 U.S.C. § 1692e(10).

31. Defendants' use of a higher balance is a deceptive and underhanded settlement tactic and constitutes a deceptive means in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

32. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## JURY DEMAND

33. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

Dated: December XX, 2021

Brooklyn, New York

  /s/ Joseph Balisok_____
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Zalman@LawBalisok.com
Attorney for Defendant